IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY MICHAEL LEDET )<br>8960 Francine Lane )<br>Powell, OH 43065 )<br>                                                                  )<br>        Plaintiff,              )<br>                                                                  )<br>        v.                         )<br>                                                                  )<br>UNITED STATES OF AMERICA )<br>C/O Office of the Attorney General )<br>950 Pennsylvania Avenue, NW )<br>Washington, DC 20530-0001 )<br>                                                                  )<br>                                                                  )<br>        Defendant.           )<br>_____) | COMPLAINT<br>(18 USC §925A) |

Comes now the Plaintiff, by and through undersigned counsel, and alleges as follows:

**PARTIES**

1. Plaintiff, Gregory M. Ledet ("Ledet") is an adult male citizen of the State of Ohio.

2. Defendant United States of America ("USA") is a jural entity.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331 and §1346, and 18 U.S.C. §925A, since the United States is the Defendant and the case arises under the Constitution and laws of the United States.

4. Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

5. 18 U.S.C. §922(g)(1) provides that:

"It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

*** 

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. 18 U.S.C. §921(a)(20) provides that:

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

7. On February 27, 2016, Plaintiff attempted to purchase a firearm. Plaintiff's NICS check came back denied. Plaintiff requested from the FBI why he was denied on or about March 4, 2016. See Exhibit "A."

8. On or about March 7, 2016, Plaintiff received a response from FBI that alluded that he was a prohibited person pursuant to 18 U.S.C. §922(g)(1) and 18 U.S.C. §921(a)(20). See Exhibit "B."

9. After receiving the reason for denial, Plaintiff contacted the Louisiana State Police to have his records updated. Plaintiff also contacted the Terrebonne Parish Clerk of Court in Louisiana who then faxed the records to the Louisiana State Police ("LSP") and LSP updated its records.

10. After confirmation from LSP that the records had in fact been updated, Plaintiff contacted NICS to have them recheck the background and see if a transaction for a firearm would proceed.

11. NICS would not recheck his background, so Plaintiff made a second purchase attempt on March 17, 2016. That transaction was denied. Plaintiff filed a second appeal with NICS, but unbeknownst to him, NICS stopped processing appeals and Plaintiff is now unable to correct the records to prove that he is not prohibited under the laws cited in Exhibit "B."

12. Plaintiff then filed another NICS appeal on or about April 4, 2016, which has gone unanswered. See Exhibit "C."

13. As seen in the attached dispositions of the alleged prohibiting offenses, they were amended to misdemeanors and are not prohibiting offenses. See Exhibit "D."

14. In fact, the FBI actually requested from the Clerk of Terrebonne Parish the underlying claimed prohibiting offense paperwork and was provided that information as early as December 18, 2002. See Exhibit "E."

15. Upon information and belief, the Clerk of Terrebonne Parish sent information relating to Plaintiff again to the FBI in January 2003.

16. Under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS. This is not a discretionary duty.

17. On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[1]

18. As NICS no longer processes appeals, Plaintiff has exhausted his administrative remedies.

## COUNT I

19. Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

---

[1] http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ (last accessed May 8, 2016).

4

20.  18 U.S.C. § 925(a) provides

Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

(1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

21. Plaintiff requests that an order directing the erroneous information be corrected and the transfer be approved.

22. Plaintiff also requests attorney's fees and costs associated with this case be granted as Defendant could easily correct its records but has refused to do so and will not process appeals.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm; and

(2) That Plaintiff be awarded his costs and attorney's fees.

Dated: May 8, 2016

                                              Respectfully Submitted,

                                              GREGORY M. LEDET

                                              **/s/ Stephen D. Stamboulieh**
                                              Stephen D. Stamboulieh
                                              Stamboulieh Law, PLLC
                                              P.O. Box 4008
                                              Madison, MS  39130
                                              (601) 852-3440
                                              stephen@sdslaw.us
                                              DC District Court Bar# MS0009
                                              *Counsel for Plaintiff*